## JOHN D. GULLICH *v.* L. G. ALFORD.

1. CONTRACT OF PURCHASE. *Terms to be in writing. Abandonment.*
   Where a party makes a contract for the purchase of property and as a part of the contract it was agreed that its terms should be reduced to writing, the contract is not consummated until reduced to writing, and if one of the parties refuses or unreasonably neglects to do so, the other may abandon the contract if unexecuted by him.

2. PARTNERSHIP. *Suit by partner for services rendered the firm. Reception of profits.*
   Where there is an unexecuted contract for the purchase of property, and an agreement that the seller and buyer shall form a partnership conducted by the use of the property so contracted for, and the business contemplated is actually carried on and the profits therefrom divided among and appropriated by the partners, then there is an executed contract of partnership which cannot be rescinded by either party, and the right the partner contracting to buy a part of the property from the other to abandon the contract of purchase because unexecuted, does not carry with it the right to abandon the partnership and recover from the other for services rendered the firm.

APPEAL from the Circuit Court of Calhoun County.

HON. A. T. ROANE, Judge.

The facts are stated in the opinion.

*Williams & Jackson,* for the appellant.

The fifth instruction asked by the defendant properly announces the law. Its refusal was clearly error. The facts elicited in the process of trial clearly warranted this charge and the law demanded it. Community of profits constitute persons partners *inter sese.* 53 M. 707. The facts under the law made them partners. 48 M. 685;

52 M. 89.   The proof shows that a part of the plaintiff's contract
was to fix up the engine and boiler which had been moved from
Lafayette County, Miss., to defendant's land in Calhoun County,
and that the gin was ordered from the factory.   The purposes for
which the steam mill was erected determine its character.   42
M. 732;  4 S. & M. 71.   Even admitting that the sale of half
interest in the personalty was void under the Statute of Frauds,
would its voidability so far tinge the partnership contract to share
the expense of running and divide the profits as to avoid the con-
tract of partnership as to the profits?

*W. A. Roane,* for the appellee.

The court did not err in modifying the fifth instruction of defend-
ant by the addition of the following words, " and that said contract
was consummated by the parties."   The contract to form a partner-
ship in this case was only executory because certain conditions pre-
cedent were to be complied with, that is reducing the terms to writ-
ing.   Parsons on Partnership, page 14, says : " If the agreement of
co-partnership is executory and conditional, no partnership is
created by it until all the conditions are fulfilled."   This view of the
law is also sustained by the following authorities : 6 Bing. 776 ;
Story on Partnership, § 150; 10 B. & C. 128 (21 English C. L.
Rep.) ; 1 Wend. N. Y. 58 ; 1 Newb. Adm., U. S. C. C. 95.

The proof shows that the mill was erected upon the land of the
defendant Gullich before the agreement to form a partnership was
made, and being a part of the realty it could not be conveyed
except by writing and said contract was void because within the
Statute of Frauds.   Code 1880, § 1292.

COOPER, J., delivered the opinion of the court.

The appellant was the owner of a steam saw and grist mill which
was located or intended soon to be erected on his own land.   He
was indebted to the appellee in a certain amount, some of which
indebtedness was evidenced by promissory notes.   The appellee was
a machinist, and it was agreed between the parties that the appellant
should sell to him a half interest in said mill and machinery and in
two yokes of oxen for the sum of four hundred and fifty dollars,

15

and the debt due to him by the appellant was to be credited as part payment of this sum.    The mill or engine needed some repairs and the repairing was to be done by the appellee.    With this property the parties were to carry on as partners the milling business, each to participate equally in the profits.    It was agreed that the contract should be reduced to writing.    The appellee did make the repairs as agreed on, and the machinery being in running order he took charge of it and operated it as had been contemplated by the parties.    On the evening of each day the toll received from the grist mill was equally divided, each party taking and using or selling for his own account his half.    A gin was purchased and the profits arising from it (the toll cotton) were appropriated to the payment of the purchase-money due for it.    The parties made several efforts to reduce the agreement to writing as had been agreed should be done, but owing to some dispute as to the amount due from the appellant to the appellee and which was to go as part payment for the purchase of his interest in the mill, these efforts were ineffectual.    The appellee failing to get the writing contracted for abandoned the enterprise, and brought suit to recover the amount which was due to him from the appellant at the time the agreement was made, and also to recover for his labor in repairing the machinery and in running the mill and gin.    As we have said, the testimony leaves it uncertain whether the mill had been located on the appellant's land at the time the agreement of sale was entered into, the appellee testifying that it had been and the appellant that it had not.    It is unnecessary to decide whether the contract of purchase would have been invalid if not in writing, because it was for an interest in machinery already erected on the land of appellant, since it was assumed in the court below that the appellee was entitled to the writing as a part of his contract, and that its execution was a condition precedent to a consummation of the contract unless it had been waived by him.    This was asserted by the appellee and seems not to have been controverted by the appellant, who depended upon the theory of a subsequent waiver by the appellee.    By their verdict the jury have in effect found that though the appellee was let into the possession of the property, such possession was not accepted by him as

an execution of the sale; that he had not waived the written contract, and that the execution of such writing was a condition precedent to the consummation of the sale. If, as the jury has found, the parties made the writing of the essence of their contract, and the appellee did not receive possession of the property as in execution of the contract, it would seem that he had the right to abandon it on the willful failure and refusal of the appellant to comply with its terms. *Moakes* v. *Nicholson*, 19 C. B. N. S. 290.; *Falk* v. *Fletcher*, 18 Ib. 403 ; *Joyce* v. *Swan*, 17 Ib. 84 ; *Shepherd* v. *Harrison*, L. R. 4 Q. B. 493. ◆

Electing to abandon the contract of purchase he was entitled to recover the debt due to him from the appellant as well as compensation for the labor performed in repairing the engine, for if there was no sale of the engine this labor was done for the exclusive benefit of the appellant who is still the owner of the property repaired. But the court below, treating the agreement to form and carry on the partnership as a part of the contract of purchase, and inherent in and dependent on it, instructed the jury that unless the business conducted by the use of the machinery was carried on under a consummated contract of partnership, the appellee might renounce his position as partner and recover a reasonable compensation for his labor contributed to the business. This was error. Though it may be true that the appellee would not have entered into the partnership but for his expectation of becoming a part owner of the machinery by which its business was prosecuted, it is nevertheless true that he did assume the attitude of partner. The services for which he sues were rendered by him, not to the appellant but to the firm. The profits of the business were divided as profits. Each partner took and consumed or disposed of his portion of the corn received as toll from the mill, and the toll cotton was appropriated by the consent of both to the purchase of a gin stand, which by the purchase became the property of the two and not of Mr. Gullich. The *status quo* cannot be restored. There has been an absolute enjoyment of the fruits of the enterprise by the appellee as partner, and he cannot now say that he so enjoyed them intending only to be conditionally bound by their reception.

As to the matters arising during the continuance of the partner-
ship the appellee must seek his remedy by a proceeding in equity
for a settlement of the partnership affairs.

*Judgment reversed.*